### NATHANIEL PAINE, Judge of Probate, &c., *versus* PHILIP F. COWDIN *et al.*

Where an appeal from a decree of the Probate Court was granted by this Court (under *St.* 1817, *c.* 190, § 8), on condition that the petitioner for the appeal should give a bond to pay costs, &c., and such bond was given, but the appeal was never entered and prosecuted, it was *held* that the decree was vacated by the appeal.

DEBT on a probate bond given in behalf of Cowdin as administrator, to recover, for the benefit of Eliakim Davis and wife, the sum of $109·64, according to a decree of the Probate Court in May, 1825, with interest. Within one year from that time, (pursuant to *St.* 1817, *c.* 190, § 8,) Davis and wife petitioned this Court for leave to enter and prosecute an appeal from the decree, and at October term 1826, it was ordered that they should be allowed to enter an appeal, upon condition that they should, within thirty days, give bond with sureties to the judge of probate to pay costs, if the administrator should not be charged beyond the sum of $109·64. The bond was filed, in compliance with the above condition, but the appeal was never entered and prosecuted; and Cowdin did not pay over the sum above mentioned.

*Oct.* 1*st.*    *A. Rogers,* for the plaintiff, cited *Campbell* v. *Howard,* 5 Mass. R. 376 ; *Commonwealth* v. *Messenger,* 4 Mass. R. 471 ; *Robbins* v. *Appleby,* 2 N. Hampsh. R. 223.

*Torrey* and *Wood,* for the defendants.

*Oct* 3*d.*    *Per Curiam.* If the order allowing the appeal had been unconditional, it would have vacated the decree ; and the condition of the order having been performed by Davis and wife, the effect is the same as if the order had been unconditional. The decree being thus rendered inoperative, the neglect of the administrator to comply with it was not a breach of his bond.

*Plaintiff nonsuit*