## WILLIAM B. GILKERSON

*v.*

## HARRIET B. SCOTT.

1. APPEAL—*trial, whether de novo—drainage act.* Under the Drainage act of 1871, on an appeal from the proceedings to the county court, a trial *de novo* may be had; but on appeal from the county to the circuit court, a trial *de novo* is not given.

2. SAME—*act relating to, construed.* The present law, R. S. 1874, p. 344, § 187, which provides that appeals from the county to the circuit court shall be tried *de novo*, has no application to appeals taken before such law took effect.

3. DRAINAGE—*referring cause back to commissioners.* Section 14 of the Drainage act of 1871, which provides for referring back to the commissioners of highways their report for amendment, relates to the time of hearing upon the question of confirmation of the report. The court has no power to make such order after the jury have reported, whose action is based upon the report of the commissioners.

4. SAME—*waiver of defective notices by appearance.* Objections to defective notices in proceedings under the Drainage act will be waived by subsequent appearance.

5. It is a fatal irregularity at the meeting of the jury to correct their assessment of damages and benefits, at which they are to hear objections and evidence, to select a new juror in place of one who acted in making the preliminary assessment, but who failed to attend on the second meeting; and a party who does not appear at such latter meeting does not waive the irregularity.

6. SAME—*each tract must be assessed according to benefits.* It is error to assess the whole of the expense of making a drain and the costs of the proceeding upon one tract of land, leaving another benefited not charged with its proportionate share.

APPEAL from the Circuit Court of Ford county; the Hon. OLIVER L. DAVIS, Judge, presiding.

This was a petition by William B. Gilkerson, filed before a justice of the peace, for a drain over the lands of the petitioner and Harriet B. Scott, the defendant. After the report of the commissioners of highways, and the confirmation of the assessment of the jury, the defendant appealed to the county court. The county court, on motion, dismissed the proceeding, and the petitioner appealed from this order to the circuit court. The circuit court refused to refer the matter back to the commissioners of highways or try the cause *de novo*, but tried the cause on the record, and found for the defendant, and the petitioner appealed to this court. The main facts appear in the opinion.

Mr. CALVIN H. FREW, and Mr. M. H. CLOUD, for the appellant.

Messrs. POLLOCK & SAMPLE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a proceeding commenced by petition before a justice of the peace of Ford county, on the 31st day of September, 1873, for the construction of a drain, under the Drainage

act of 1871, Laws 1871–72, p. 356. On the hearing of the petition and finding in its favor, the justice of the peace directed the commissioners of highways of the proper town to lay out and construct the drain. The commissioners proceeded in the performance of their duties and made their report, finding that the proposed work could be done at a cost and expense less than the benefits to the lands to be affected. The report was confirmed and a jury impanneled for the assessment of damages and benefits, who made their report finding benefits to appellant's, the petitioner's, land, $40; damages, nothing; amount of ditch theretofore made on his land, $2.50. Benefits to appellee's land, $150; damages, nothing; amount of ditch theretofore made on her land, worth to the owner $15, allowing and estimating the cost of making the rest of the drain to be $15, and the probable costs of the court proceedings, to be paid by her, $135.

Upon the subsequent meeting of the jury, before the justice, for the correction of their assessment, on the 4th day of March, 1874, they amended and confirmed their assessment of damages and benefits and costs, finding the balance of benefits to the land of appellant to be $37.50, and the balance of benefits to appellee's land to be $135, which the justice charged to be a tax on her land. The total costs were $121.15.

On the 7th day of March, 1874, defendant, Scott, appellee here, took an appeal to the county court. At the July term, 1874, of the county court, the court, on motion of the defendant, Scott, dismissed the cause, and the petitioner, Gilkerson, appealed to the circuit court of Ford county. At the August term, 1874, of the circuit court, the court heard the cause and found and rendered judgment in favor of the defendant, whereupon the petitioner, Gilkerson, appealed to this court.

It is assigned for error that the circuit court refused to try the cause *de novo.*

Section 26 of the Drainage act provides that, after the assessment roll of the jury has been corrected by the county court, if necessary, the court shall confirm the same and cause

it to be spread upon the records, from which an appeal or writ of error will lie; a different section providing that appeals may be taken from the final judgment of the justice of the peace to the county court in the same manner as appeals may be taken from the findings of the jury in cases commenced in the county court.

We are of opinion that section 26 does not contemplate a trial *de novo* on appeal. The appeal is given in conjunction with a writ of error. Trials *de novo* are not had on writs of error. On the appeal to the county court a trial *de novo* might be had in that court, as in other cases of appeal from justices of the peace; but not so, we think, in the circuit court, on appeal to that court from the decision of the county court.

The provision of the present County Court act, Rev. Stat. 1874, p. 344, sec. 187, giving appeals merely, from the county court to the circuit court, and that upon appeal the case shall be tried *de novo*, does not govern, we think, as that act did not take effect until July 1, 1874, and the appeal to the circuit court was taken previously to that time; and section 189 of the act provides that county courts shall have power to render judgment, etc., in any cause of which they may have had jurisdiction previous to the taking effect of the act, and that appeals and writs of error may be prosecuted from such judgments, etc., thus indicating that, with respect to all causes previously in the county courts, the former practice as to appeals and writs of error should prevail.

This assignment of error substantially includes the 2d, 3d, 4th and 5th ones, so that the latter are sufficiently disposed of by what has already been said.

Appellant made a motion in the circuit court to refer the cause back to the commissioners, which the court overruled, and this is assigned for error.

Section 14 of the Drainage act, which provides for referring back to the commissioners their report for amendment, relates to the time of hearing upon the question of the confirmation

of the report. The court has no power to make such order after the jury have reported, whose action is based upon the report of the commissioners, and it being only until after the confirmation of the report that the jury are impanneled.

The further error assigned is, the rendering judgment in favor of the defendant.

Various objections are taken to the proceedings before the justice of the peace, which are insisted upon as rendering them illegal and void on their face. Several of them we do not consider tenable, as some in relation to defect of notices in different stages of the proceedings, which we regard as waived ·by subsequent appearance. But we are of opinion that there is one fatal defect in the proceedings, in the calling of a new juror at the time of hearing for confirmation of the jury's assessment.

The statute provides that, when the jury shall have completed their assessment of damages and benefits, they shall fix a time and place, giving ten days' notice, when and where they will attend for the correction of their assessment. At this time the jury are to hear objections, receive evidence, and make such alterations of their previous assessment as shall seem to them just; and upon the assessment being found correct, or being corrected upon the hearing, the jury shall confirm the assessment, and from this confirmation by the jury of their assessment a right of appeal is given.

At the time of hearing for confirmation of the assessment which had been made by the jury, one of the jurors failed to appear, and a new juror was summoned and placed upon the jury. Appellant was present, introduced evidence of witnesses, and the jurors, after hearing the evidence, confirmed the assessment which had previously been made. Appellee was not present, and so did not waive the irregularity by appearance and acquiescence. The jury, in making their original assessment, go upon the land to be affected and examine it. This is not done upon the hearing for confirmation. So that this new juror had not the benefit of the others, of a personal

examination of the land. The original assessment is incomplete, until its confirmation has been acted upon and had, the confirmation being the final act in the making of a complete assessment. The original assessment and the confirmation are parts of one thing, and the same persons should act in the making of both. It may have been the influence of the new juror which prevented a correction of the assessment in favor of appellee. Or, had the old juror been in his place upon the jury, his influence might have secured such a correction. It is sufficient, however, as a fatal irregularity, that the confirmation, and hearing therefor, were by and before a different body, in part, from that which made the assessment.

The entire cost of the work and expenses of the proceeding seem to have been placed upon the land of appellee, while the statute provides, in section 18, that in no case shall any tract of land be assessed in a greater amount than its proportionate share.

The jury, in their assessment, estimated the cost of making the drain to be $15, and the probable costs of the court proceedings, to be paid by appellee, $135. The confirmed assessment finds the balance of benefits to appellee's land to be $135, and the justice of the peace then charges that to be a tax on her land. The total costs are stated to be $121.15. The balance of benefits to appellant's land is found to be $37.50, but no tax is charged against his land, nor any indication in the proceedings that he is to pay any part of the cost or expenses. We think there was error in the proceedings before the justice of the peace, in disproportionately assessing the land of appellee.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*