THOMAS P. LUCAS

*v.*

JOHN C. DENNINGTON.

APPEAL—*from county to circuit court—trial de novo.* An appeal from the county court to the circuit court, taken and perfected after the act of 1874 went into effect, must be governed by that law, and the trial must be *de novo*, and not by the provisions of the repealed law of 1872. If the appeal was perfected before the repealing law took effect, the practice under the prior law will govern.

APPEAL from the Circuit Court of Peoria County; the Hon. JOSEPH W. COCHRAN, Judge, presiding.

Mr. H. W. WELLS, for the appellant.

Messrs. COOPER & BASSETT, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In November, 1873, appellee brought an action of forcible detainer before a justice of the peace of Woodford county, against appellant, and recovered a judgment. An appeal was taken to the county court, and at the June term, 1874, of that court the venue was changed to the county court of Peoria county, and a trial was had therein at the January term, 1875, and plaintiff recovered a judgment. Defendant appealed to the circuit court of that county. At the next November term of that court, the parties being present, plaintiff insisted on an affirmance of the judgment, because defendant had filed no bill of exceptions, and he demanded a trial *de novo*, but the court dismissed

the appeal, and awarded a writ of *procedendo* to the county court; and defendant appeals.

The only question presented and urged is, whether appellant was entitled to a trial *de novo*. Under the act of 1872 appeals from the county to the circuit court could only be tried on the record. And it is conceded that all cases coming into the county court after July 1, 1874, the date the act repealing the law of 1872 took effect, must, on appeal to the circuit court, be tried as they were in the county court. But it is insisted that, as this case was pending in the county court before the act of 1874 took effect, it was required to be tried under the act of 1872, when it was appealed to the circuit court.

Section 187 of chapter 37 of the Revised Statutes of 1874 provides that appeals may be taken from all final orders, judgments, and decrees of the county court to the circuit court of their respective counties, except as provided in section 188, which allows appeals and writs of error to this court on judgments for the sale of lands for taxes, and on sales of land by executors, administrators, guardians, and conservators; and that section provides that on appeal to the circuit court the case shall be tried *de novo*. Section 189 provides that the county court shall proceed to hear and determine all causes depending therein at the time that act should take effect. And it provides for appeals and writs of error from such judgments, orders, and decrees, without specifying in terms the court to or from which they may be taken, or the manner in which they shall be perfected.

There can be no question that all suits coming into the county court, and appealed to the circuit court since the act of 1874 went into effect, shall be tried *de novo* on such appeal. But it is contended that section 189, giving writs of error and appeals in cases then pending, was designed to continue the practice of the act of 1872 on appeals to the circuit court. Section 187 had given the appeal to the circuit court, and section 188 a writ of error and appeal

to this court in certain cases ; and we think it is clear that section 189 was designed to apply the provisions of sections 187 and 188 to cases then pending in the county court, and place them on the same footing, both as to trial and writ of error or appeal, as causes arising under the act then being enacted.

As the appeal from judgments of the county court for the sale of land had been, before the adoption of section 188, to the circuit court, and as it gave a writ of error or appeal to this court, section 189 was intended to require writs of error and appeals, from judgments for the sale of land for taxes, in cases then pending, to be governed by section 188, instead of other provisions allowing appeals to the circuit court. And other cases not named in section 188 should be governed by section 187. This is, we think, the only fair and reasonable construction these sections will bear.

In the case of *Holcomb* v. *The People*, 79 Ill. 409, it was held that the act of 1874 repealed the act of 1872, and cases on appeal from the county court were to be tried in the circuit court, under the act of the latter date ; that a party to a suit had no vested right in the rules of practice in force when the suit was brought, but it was competent for the General Assembly to repeal such practice and adopt another ; and the parties would be governed by the latter. This was said in reference to a case which arose under these provisions, and appealed from the county court to the circuit court. In that, as in this case the trial was had in the county court after the act of 1874 went into effect, and it was held that the trial in the circuit court, on appeal, should be *de novo.*

It is, however, urged that the case of *Gilkerson* v. *Scott*, 76 Ill. 509, gives a different construction to this enactment. This is obviously a misconception. In that case the appeal to the circuit court was perfected before the act of 1874 became operative ; whilst in this, the trial in the county court was had, and the appeal taken, after that act took

effect.   In this there is a broad distinction, and, if in that case the true construction was given, we are inclined to limit it to appeals to the circuit court taken and perfected before the act of 1874 came into force, and to hold that all appeals taken since that time must, as was held in Holcomb's case, be governed by the law now governing the practice, and not the provisions of the repealed law.   We are of opinion that the circuit court erred in not permitting a trial to be had *de novo*, and in dismissing the appeal.   The judgment is reversed and the cause remanded.

*Judgment reversed.*