## STATE v. WILLIAM DAVIS AND WILEY STATON.

(Filed 15 May, 1912.)

1. Roads and Highways—County Commissioners—Order Establishing Road—Appeal—Superior Court—Trial de Novo—Order Vacated.

An appeal properly taken to the Superior Court from an order of the county commissioners directing the laying out of a highway, has the force and effect of vacating the order appealed from; and pending such appeal the case does not come within the provision of the law looking to the proper maintenance and working of the roads. Revisal, sec. 2690.

**2. Same—Working Roads—Indictment.**

Defendants are not guilty of a violation of the statute in re-fusing to work on a public road, after being summoned to do so by the overseer, after they have appealed to the Superior Court from an order of the county commissioners to lay out the road in question, and have given the bond and in all respects have complied with the statute; for under the express words of the statute "the whole matter is to be heard anew"; all issues of fact raised are to be· determined in the Superior Court, and the appeal vacates the order. Revisal, sec. 2690.

**3. Same—Case Agreed—Special Verdict—Practice.**

Defendants, being indicted for refusing to work the road, agreed with the solicitor as to the facts constituting the offense, and consented that these facts should be regarded by the court as a special verdict. Therein it appeared that the order estab-lishing the road in question had been appealed from to· the Supe-rior Court and the appeal perfected as required by the statute. It is held that the appeal would· have vacated the order estab-lishing the road if it had been in fact from a special verdict of an impaneled jury, and when so found, the defendants should be acquitted.

APPEAL from *Foushee, J.,* at March Term, 1912, of HEN-DERSON.

Indictment for failure to work road after notice, heard on appeal from a justice of peace and determined as on special verdict. The facts presented in form as a special verdict and agreed upon by solicitor and counsel for defendant, are as fol-lows: "That a petition for a public road in Crab Creek Town-ship was filed with the Board of Commissioners of Henderson County. That there was also a counter-petition filed. That an order was made by the board of commissioners that the road should be opened. That no further action was taken in the matter and the road was never opened. That four years thereafter a petition was filed before the board of commis-sioners, asking that the road be opened according to the order previously made. To this a counter-petition was filed. The board of commissioners having ordered that the road be opened, the counter-petitioners prayed an appeal to the Superior Court and gave bond for the costs in accordance with the statute. Pending this appeal, the overseer of the road summoned the

defendants to work on the road. The defendants refused to do so, being advised by counsel that pending the appeal the overseer had no right to work the road." Upon these facts, the court being of opinion that defendants were guilty, it was so adjudged, and defendants excepted and appealed.

*Attorney-General Bickett and T. H. Calvert, Assistant Attorney-General, for the State.*
*Mc. D. Ray and H. G. Ewart for defendants.*

HOKE, J. The first order for the laying out of the road was not pursued, and the second application was recognized and dealt with as an original petition both by the parties and the board of commissioners, and, considering the proceedings in that aspect, the case, as correctly stated by the Attorney-General, presents the single question whether defendants can be convicted of the offense of failing to work a public road after being duly notified, while an appeal was pending in the Superior Court to review the action of the county commissioners establishing the road.

The statute applicable to appeals and the effect of them in cases of this kind (Revisal, sec. 2690) is as follows: "Any person may appeal to the Superior Court at term-time from the determination of the board of county commissioners, and if any person shall appeal from the board on a petition, he shall give bond to the opposing party as provided in other cases of appeal, and the Superior Court at term shall hear the whole matter anew; and where any proceeding is instituted to lay out, establish, alter, or discontinue public roads or to appoint and settle ferries, and the said proceeding is carried to the Superior Court in term-time by appeal or otherwise, the parties to said proceeding shall be entitled to have every issue of fact joined in said proceeding tried in the Superior Court in term-time by jury, and from the judgment of the Superior Court either party may appeal to the Supreme Court as is provided by law for other appeals."

From the broad import of the language and authoritative interpretations of this and similar statutes, as well as from the "reason of the thing," we conclude that an appeal properly

taken from an order directing the laying out of a highway has the force and effect of vacating the judgment or order, and that pending such appeal the case does not come within the provision of the law looking to the proper maintenance and working of the roads. *Keaton v. Godfrey,* 152 N. C., 17; *McDowell v. Insane Asylum,* 101 N. C., pp. 656-659; *Finley v. Oldham,* 68 Indiana, 114; *Taft v. Pettsford,* 28 Vt., 286; *Pool v. Breese,* 114 Ill., 594. Speaking to the question in *McDowell v. Asylum, supra, Merrimon, J.,* delivering the opinion of the Court, said: "Moreover, the statutory provision allowing the appeal from the order of the county commissioners establishing or refusing to establish or discontinuing or refusing to discontinue a road or ferry already established, contemplates that an appeal shall lie at once from such order. The province of the Superior Court upon such appeal is not simply to correct errors of law of the county commissioners. In such case the whole matter of the application is heard *de novo,* and the parties will be entitled to have all the issues of fact raised by the petition, and the objections thereto, tried by a jury. Then, wherefore execute the principal order before an appeal would lie from it? What end could be subserved by delaying the appeal until it could be executed? It is not probable that the dissatisfied party would be content after its execution, because his objection was to establishing the road at all, and his appeal would present questions in that respect that he would be entitled to have settled and decided by the Superior Court, not exercising jurisdiction and authority simply to correct errors of law, but to hear and determine the whole matter anew upon the merits as to the facts and the law applicable. It would be idle and nugatory to execute such order before the appeal." It is otherwise with us in regard to appeals in ordinary civil litigation, but this is so by express provision of the statute in such cases. Revisal, sec. 604, and other sections looking to a stay of execution in ordinary civil judgments, as in section 1490, referring to appeals from cases tried by justice of the peace. There is no such provision, however, on appeals of the kind we are considering, and where, as in this case, "the

whole matter is to be heard anew," and a party is entitled to have every issue of fact raised determined in the appellate court.

We are of opinion, as stated, that the appeal should be held to vacate the judgment. 2 Ency. Pl. and Pr., p. 323. *Lucas v. Dennington,* 86 Ill., 88; *Paine v. Cowden,* 34 Mass., 142.

It is true, we have said in *Blair v. Coakley,* 136 N. C., 405, that in the absence of specific statutory provision, appeals from the board of county commissioners should be in accord with the rules obtaining in cases of appeals from a justice's court, but this was said in reference to the more formal regulations concerning the prosecution of such appeals, and was not intended to change or alter the express provision of the statute, without restriction or limitation, that on appeals of this kind "the whole matter should be heard anew."

We have considered the appeal as if the questions raised had been formally and properly presented by a special verdict; it was so dealt with in the court below; but we must not be understood as approving the submission of facts in these cases by agreement of counsel. They should be formally stated and embodied in a special verdict by an impaneled jury. *S. v. Wells,* 142 N. C., pp. 590-596.

There is error, and on the facts presented when properly established, defendants are entitled to an acquittal.

Error.